## S. W. Parish, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 9504.   Promulgated January 13, 1928.

*E. F. Zumwalt, C. P. A., John A. Haver, Esq.,* and *Richard K. Bridges, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

**OPINION.**

MILLIKEN: The issues in this proceeding are: (1) Whether petitioner was in receipt of a dividend of $10,000 in the year 1919, and also of a dividend of the same amount in the year 1920; (2) whether petitioner is entitled to deduct from his gross income for 1920, the remaining half of the operating losses incurred by the partnership composed of himself and Ellis, and also the total amount paid by petitioner in said year in settlement of certain liquidating losses of the partnership; and (3) whether the fraud penalty provided by section 250(b) of the Revenue Act of 1918 should be imposed. ·

With respect to the first issue, respondent contends that since petitioner rendered no service to the corporation, the resolution of April, 1919, should be construed as providing for a distribution of profits, and, therefore, anything credited to petitioner thereunder should be considered in the nature of a dividend. How he would apply the credits to the other officers, who did perform services, is not explained. Without deciding this question, it is sufficient to point out that petitioner was on a cash receipts and disbursements basis, and, further, that there is no evidence to the effect that these two amounts were credited to petitioner in 1919 and 1920, respectively, on the books of the corporation. The accountant, who reconstructed the books, does not appear to have relied on any book entries made in said years, since the books which recorded items of this character were lost, but on the resolution of the board of directors. Even if these amounts had been credited to petitioner during the respective years involved, he would not, under the facts as found, have been taxable thereon as income then received, since he was on a purely cash basis. See *Edmund J. Karr*, 2 B. T. A. 635; *M. E. Farr*, 3 B. T. A. 110; and *Charles F. Pearce, Jr.*, 6 B. T. A. 450.

Next, respondent contends that since it appears from the books, as reconstructed, that petitioner owed the corporation for stock, and since under the resolution he was apparently entitled to the bonus for each year and since the bonus was in the year 1922 credited as of the years 1919 and 1920 against such alleged indebtedness, it follows that petitioner was in the receipt of said amounts as of the date he should have received them. The major premise for this conclusion is that petitioner was indebted to the corporation for a balance due on his stock. This he denies and his denial is borne out by the fact that the corporation issued to him for his share in the partnership, fully paid up and nonassessable shares. The fact that the value of the assets of the partnership may have been less than the par value of the stock issued therefor gave neither to the corporation nor to the other stockholders, all of whom participated in the transaction, an enforceable demand against petitioner. Cook on Corporations, (8th ed.), secs. 38 and 39. The most that can be said of the book entries made in 1922, is that they constituted an adjustment in that year of the capital stock and surplus accounts, which in no way created taxable income. Cf. *Eisner* v. *Macomber*, 252 U. S. 189; 3 Am. Fed. Tax Rep. 3020, and *Michaels* v. *McLaughlin*, 20 Fed. (2d) 959; 6 Am. Fed. Tax Rep. 6892. Whatever may have been the present effect of the entries made in 1922, such entries could not, under the facts of this proceeding, create taxable income to petitioner in 1919 and 1920. On this point, petitioner is sustained.

Whether petitioner is entitled to take as a deduction the whole of the operating loss of the partnership existing between him and Ellis, and also the whole of the amounts paid by him in the liquidation of that partnership, depends, first, on whether there existed between him and Ellis an agreement to the effect that petitioner was to bear all the partnership losses, and, second, on whether his claim for reimbursement was worthless in 1920. On the first point petitioner testified as follows:

Q. Let me ask you this, Mr. Parish: Did you know the financial condition of Mr. Ellis at the time you formed this partnership with him?

A. I did.

Q. What was it?

A. He did not have anything.

Q. Did you have any specific agreement at that time—anything at all about losses?

A. I did not.

Q. You stated to the Court that you were to stand the losses. Why did you say that?

A. Yes; I understood that I would stand the losses, because he did not have any money.

By the Member:

Q. Was that because he did not have the money or because you and he agreed to it—which?

A. It was understood that I would stand the losses, because he did not have any money.

Q. Was that the reason for it?

A. Yes, sir.

Q. Or did you start out with that definite agreement?

A. Well, that was the agreement.

This testimony is not sufficient to show that the partnership agreement provided that petitioner was to bear all of the losses of the partnership. There remains the question whether petitioner's claim for reimbursement was worthless in 1920.

It is shown that Ellis had an accident policy for $5,000. To whom this policy was payable is not shown, nor is it shown that petitioner could not have participated in its proceeds. It is further shown that on the date of the death of Ellis, which occured in June, 1920, the firm owned oil and gas leases and that subsequent to that date, petitioner paid as rentals on such leases the sum of $2,630.59. While it is true that petitioner testified that it was his impression that all the leases lapsed in 1920, we can not, in the face of the fact that during and after June, 1920, petitioner paid rentals thereon, hold that petitioner's claim was worthless or was ascertained to be worthless during that year. The action of respondent in this respect is approved.

Since respondent did not deem it proper to impose the fraud penalty provided by section 250(b) of the Revenue Act of 1918, prior to the taking of the appeal in this cause, and presented this claim for the first time at the conclusion of the evidence, in the shape of an amendment to his answer, the burden rests upon him not only to prove that petitioner omitted income from his returns, but that petitioner was guilty of fraudulent concealment. This latter element, we are of the opinion, respondent has failed to prove. It is shown that subsequent to the making of his returns, petitioner furnished a revenue agent with a paper similar to an amended return, which contained the items of income which had been omitted in his original returns and the report of the revenue agent, which was filed in evidence, discloses that he treated this paper as a return. We are of the opinion that the evidence produced by respondent is not sufficient to justify the imposition of the fraud penalty.

*Judgment will be entered on 15 days' notice, under Rule 50.*